UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                  Civil Action No. _____
                                  COMPLAINT AND
                                  DEMAND FOR JURY TRIAL
                                  INJUNCTIVE RELIEF SOUGHT

PRESIDENTE SUPERMARKET NO. 31, INC.

        Defendant.
_____/

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Pregnancy Discrimination Act, to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Yesenia Tirado, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Presidente Supermarket No. 31, Inc., doing business as Presidente, ("Presidente" or "Defendant") discriminated against Ms. Tirado based on her sex, specifically pregnancy, by terminating her employment because of her pregnancy, a condition of her sex (female).

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

1

(3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

**PARTIES**

3. The Commission is an Agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

4. The Defendant is a Florida for-profit corporation.

5. The Defendant's current principal place of business is 3001 NW 17 Avenue, Miami, Florida 33142.

6. The Defendant is a grocery store chain that owns and operates over thirty supermarkets with a focus on selling Hispanic foods and products.

7. At all relevant times, the Defendant has continuously done business in Florida, and has continuously had at least fifteen employees.

8. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C.

## ADMINISTRATIVE PROCEEDINGS

9. More than thirty days prior to the institution of this lawsuit, Ms. Tirado filed a charge of discrimination with the Commission alleging that Defendant violated Title VII and the Pregnancy Discrimination Act.

10. The Commission sent Defendant notice of Ms. Tirado's discrimination charge.

11. The Commission issued a Letter of Determination dated December 4, 2020 finding reasonable cause to believe that Defendant discriminated against Ms. Tirado because of her sex, specifically pregnancy.

12. The Commission engaged in communications with Defendant to provide the Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Presidente is a grocery store chain that emphasizes Hispanic foods and products.

16. Ms. Tirado was employed by Presidente and worked in the cafeteria department.

17. Ms. Tirado began working for Presidente on January 31, 2018.

18. Throughout her employment, Ms. Tirado was qualified for her position and performed her duties well.

19. Throughout her employment, Ms. Tirado never received a performance review.

20. At Presidente, Ms. Tirado's co-workers included Yanelis Jimenez and Mireya Felisa Ortiz Tejera.

21. Ms. Tirado's manager was Misleidys Curbelo.

22. On or about February 26, 2018 Ms. Tirado learned that she was pregnant.

23. On that same day, February 26, 2018, Ms. Tirado shared the news of her pregnancy with Ms. Jimenez and Ms. Tejera.

24. Ms. Tejera (among others) informed Ms. Curbelo of Ms. Tirado's pregnancy. Ms. Curbelo responded by saying that Ms. Tirado would not be able to work at Presidente anymore because she was pregnant.

25. On or about February 27 or 28, 2018, Ms. Curbelo called Ms. Tirado and informed Ms. Tirado that her employment was terminated. When Ms. Tirado asked why she was being terminated, Ms. Curbelo responded something along the lines of "we just don't need you anymore."

26. Ms. Tirado was terminated because she was pregnant.

27. Sometime after Ms. Tirado was terminated and when Ms. Tirado was no longer pregnant, Presidente employees reached out to her through her husband and urged her to reapply to work at Presidente.

28. On or about August 3, 2018, Ms. Tirado returned to the Presidente grocery store to discuss her possible re-employment. During her interview process, she met with Ms. Curbelo. Ms. Tirado spoke to Ms. Curbelo and asked Ms. Curbelo why she fired her because she was pregnant.

29. Ms. Curbelo responded something along the lines of, "if you know why you were fired, then why are you asking me."

30. Ms. Curbelo concluded the conversation by informing Ms. Tirado that she could not return to work at Presidente.

31. Ms. Tirado has suffered damages as a result of the conduct described herein.

## STATEMENT OF CLAIMS

32. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

33. Presidente engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 20003(k), by subjecting Ms. Tirado to sex discrimination. Specifically, Presidente discriminated against Ms. Stevens based on her sex by terminating her because of her pregnancy, a condition of her sex (female).

34. The effect of the practices complained of in the foregoing paragraphs has been to affect the terms and conditions of employment for Ms. Tirado, to deprive Ms. Tirado of her equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy, a condition of her sex (female).

35. The unlawful practices complained of in paragraphs 15-31 were intentional and caused Ms. Tirado to suffer emotional distress including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and/or physical damages.

36. The unlawful practices complained of in paragraphs 15-31 were done with malice or with reckless indifference to the federally protected rights of Ms. Tirado.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

37. Grant a permanent injunction enjoining the Defendant, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or

participation with it, from participating in discriminatory conduct based on sex and pregnancy;

38. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women;

39. Order the Defendant to make Ms. Tirado whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement of Ms. Tirado or front pay in lieu thereof;

40. Order the Defendant to make whole Ms. Tirado whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above including, but not limited to, job search expenses, medical-related expenses, and other out-of-pocket losses in amounts to be determined at trial;

41. Order Defendant to make Ms. Tirado whole by providing compensation for past and future nonpecuniary losses resulting from unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

42. Order the Defendant to pay Ms. Tirado punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

43. Grant such other further relief as the Court deems necessary and proper in the public interest; and

44. Award the Commission its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: September 23, 2021.

          Respectfully submitted,

          GWENDOLYN YOUNG REAMS
          General Counsel
          U.S. Equal Employment Opportunity Commission
          131 M Street, N.E.
          Washington, D.C. 20507

          ROBERT WEISBERG
          Regional Attorney
          KRISTEN FOSLID
          Supervisory Trial Attorney

          <u>s/Carmen Manrara Cartaya</u>
          CARMEN MANRARA CARTAYA
          Trial Attorney
          Florida Bar No. 0073887
          U.S. Equal Employment Opportunity Commission
          Miami District Office
          100 S.E. 2nd Street, Suite 1500
          Miami, Florida 33131
          Tel: 786-648-5811
          Carmen.Cartaya@eeoc.gov